Bartley, J.
The single question presented for determination in this case is, whether upon an application for the probate of a willr evidence be admissible on behalf of those who resist its admission to probate and contest its validity. And this depends on the construction to be given to section 12 of the statute relating to wills, passed May 3,1852, which is in the following words:
“The said court shall cause the witnesses to such will, and such other witnesses as any person interested in having the same admitted to-probate may desire, to come before such court; and said witnesses shall be examined in open court, and their testimony reduced to writing and filed.”
It is claimed on behalf of the plaintiff in error, that the admission of a will to probate is a judicial act; that where evidence is-received as the basis of judicial action, it must be received on both sides, and that the language of the above statutory provision, in-regard to the witnesses other than the witnesses to the will, when interpreted according to the reasonable intent of the law, *must be taken as meaning such other witnesses as any person interested in the subject-matter of the probate of the will may desire, etc.
It is a maxim of interpretation, that, in the absence of ambiguity, no exposition shall be made which is opposed to the express words of the instrument. The language of a statute must be taken-in its usual and ordinary signification, and a court is not allowed to make an interpretation contrary to the jDlain and express letter of the law. Where the sense of a statute is evident, and expressed, in clear and precise terms, not leading to conclusions which are absurd and at war with the manifest intention of the law, to go off upon conjecture, and travel in quest of extraneous matters, in order to restrict or enlarge its operation, would be a dangerous and gross, perversion of the law itself.
The language of the statutory provision above recited, is plain, *386 and explicit. The witnesses whose examination is authorized on probate of a will, are the witnesses to the will, and “ such other wiP nesses as any person interested in having the same admitted to probate, may desire.” The meaning would not have been expressed with greater perspicuity, had the phraseology been, and such other witnesses as any person interested in favor of the admission of the will to probate, may desire.
An application to admit a will to probate is not an adversary proceeding. Those who may be interested adversely, are not required to be notified, or summoned to be present; and no issue is made for a contest between adverse parties. This is not the proceeding in which those who deny the validity of a will are authorized to contest it. After a will shall have been admitted to probate, those who-have adverse interests, have the right to contest its validity, by petition in the court of common pleas. In that proceeding, an issue-is required to be made, which is regularly tried before a jury. And this proceeding to contest a will can not be instituted until after1 the will has been admitted to probate. If those who deny the validity of a will had the, right *to send for witnesses, and contest it on the application to admit it to probate, the statute would run into the absurdity of allowing a party two distinct courts, and two distinct modes of contesting and having an adjudication of the same fact; and the adjudication of the first tribunal, although not appealed from, no bar to the second proceeding. Before probate, a will is without any legal effect, and can not even be made the subject of a proceeding to contest it. The form and solemnity of the proceeding to admit a will to probate, is required to show its due execution, and admit it to become a mutter of public record. The evidence required, must show a prima facie casein favor of its validity, and that evidence is required to be reduced to writing, and made a part of the record. It would be preposterous to place upon the record of the probate of a will, evidence introduced to impeach its validity.
It is true, that the statute enacted in 1840, relating to wills, permitted any person interested, whether for or against the will, to intro luce evidence on the proceeding to vadmit to probate. But in the enactment of 1852, care seems to have been taken, by the use-of words explicit and precise, to exclude the absurdity of permitting those who deny the validity of a will, to appear and contest it on the proceeding in the probate court, to admit the will to record. *387 And the provisions of sections 47, 48, and 49, of the act, which relate to the lost, spoliated, and destroyed wills, where notice to those interested to resist the probate is required to be given, special care was taken in wording the statute, to preserve the harmony and ■consistency of the proceeding, by authorizing only those “ interested in having the will admitted to probate,” to introduce witnesses for examination.
The court of common pleas therefore ruled correctly in excluding the evidence offered by those who were interested in resisting the probate of the will.

The judgment of the common pleas affirmed.